-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JIMMY LEE GIBSON,

                    Plaintiff,

          -v-                               06-CV-6042CJS(Fe)
                                            **ORDER**
The GENESEO VILLAGE POLICE DEPARTMENT,
Re: Officer Chris Haley;
                    Defendant.

_____

## **INTRODUCTION**

     Plaintiff Jimmy Lee Gibson has filed this *pro se* action
seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has
requested permission to proceed *in forma pauperis* (Docket No. 2).
Plaintiff claims that the defendant, the Geneseo Village Police
Department, has violated his constitutional rights when he was
subjected to "profiling, stalking, and harassment by Officer Chris
Haley on the basis of his race.  For the reasons discussed below,
plaintiff's request to proceed as a poor person is granted, but
unless plaintiff files an amended complaint as directed below, the
complaint will be dismissed with prejudice pursuant to
28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

     Because plaintiff has met the statutory requirements of
28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in
forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that
the Court shall dismiss a case in which *in forma pauperis* status

has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See* <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

Preliminarily, plaintiff's complaint is written in a manner that fails to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, which are intended to allow those being sued to know what is being claimed, to answer, and, among other things, apply the principles of res judicata. The

application of res judicata is particularly important in this case, because plaintiff has previously sued this defendant in this Court. See 00-CV-6391CJS.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).

Plaintiff has made allegations against Officer Haley beginning in 2001 and continuing until 2003.  The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2). Owens v. Okure, 488 U.S. 235, 251 (1989); Jewell v. County of Nassau, 917 F.2d 738, 740 (2d Cir. 1990). The complaint was filed on January 20, 2006.  Only complained-of events occurring after January 20 of 2003 are within the statute of limitations. Thus, while the facts alleged prior to 2003 could, under some circumstances state a cause of action under 28 U.S.C. § 1983, only the claims based on events alleged to have occurred in 2003 are potentially cognizable here.   Moreover, even combined with allegations of harassment that occurred beyond the three year

3

statute of limitations, it is difficult to find that any of these allegations sufficiently state a cause of action.

The first cognizable allegation is that on May 23, 2003, a Geneseo Village Police car sat behind plaintiff's vehicle for 15-20 minutes staring at his apartment.  Plaintiff states that he could not see who was in the car, but believes it was Officer Chris Haley.  This allegation is wholly conclusory and the claim so de minimus that there is no indication that a constitutional claim could be raised here. Even if this allegation might be considered a continuation of earlier harassment if the allegation was stronger, it is insufficient to reach that level.  The Court cannot see how, if plaintiff could not see who was in the vehicle, he could determine that the person was staring at his apartment, or, in fact, doing anything with respect to his apartment, which was apparently one apartment in an apartment complex.

The only other allegation that falls within the three year statute of limitations involves an allegation that on July 18th, 2003, plaintiff was arrested after a physical confrontation allegedly started by a neighbor in his apartment complex.[1] The police arrived and, even though plaintiff told the officer that he wanted to press charges, plaintiff was arrested.  Plaintiff does not state what the resolution of the charges was; nevertheless, he

---

[1]The Court takes judicial notice of the allegation that Mr. Zambito was a neighbor of plaintiff from plaintiff's allegations in a case filed a few weeks earlier in this Court, 06-CV-6005CJS, that relates to some of the same allegations.

4

acknowledges that there was a physical dispute in a public area. Thus, even based on the allegations of plaintiff alone, the allegations do not demonstrate that Officer Haley arrested plaintiff without probable cause, or simply for the purpose of racial harassment. <u>See</u> discussion of probable cause below.

The remaining pages of the complaint go back to incidents that occurred outside of the statute of limitations and appear to relate to communications plaintiff had with the Geneseo Village Police Department in attempting to put them on notice of harassment. However, it is impossible to determine what plaintiff's communications were, when he made them, and what happened subsequently.   In any event, it appears that all such communications were before June of 2002, and significantly before the actions complained of in May and July of 2003, which do not sufficiently state a cause of action.

To the extent that plaintiff's claims have been brought against the Geneseo Police Department, the claims are dismissed. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as these Geneseo municipal defendants may not be held liable under § 1983 <u>unless</u> the challenged action was performed pursuant to a municipal policy or custom.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 (1978).   Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory.

Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992); Monell, 436 U.S. at 694. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); see Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of the Geneseo Police Department. Accordingly, plaintiff has failed to state a § 1983 claim against the Geneseo Police Department.

The underlying basis of plaintiff's final claim appears to be false arrest and malicious prosecution, but plaintiff has neither named proper defendants for such claims nor has he sufficiently pleaded them. See Fed.R.Civ.P. 8 and 10. The complaint must name the specific individuals against whom he brings the claims, and it must provide specifics of his claims, including the result of all the criminal complaints against him. If plaintiff has been

convicted, he must provide all information regarding any criminal appeal taken.

"There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." Singer v. Fulton County Sheriff, 63 F.3d 110, 118-119 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996).  Probable cause to arrest exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  If the plaintiff was convicted of the charges against him and that conviction survived appeal, the conviction is conclusive evidence of probable cause.  *See id.*  However, "[a]n arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996).  In addition, in order "[t]o establish a claim for malicious prosecution under New York law, the plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with

7

malice, and (4) that the prosecution was terminated in the plaintiff's favor." <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 417 (2d Cir. 1999) (citing <u>Ricciuti v. N.Y.C. Transit Authority</u>, 124 F.3d 123, 130 (2d Cir. 1997).

Because the Court cannot say that plaintiff could make no allegations that could state a claim, plaintiff is allowed an opportunity to amend his complaint to make allegations that state a claim that falls within the appropriate statutes of limitations. <u>See</u> <u>Davidson v. Flynn</u>, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"), if, after careful consideration, plaintiff believes that he can state a cognizable claim on each issue. Plaintiff must specifically indicate what happened to the charges he faced when arrested by Officer Haley, and add any facts which would tend to make clear that the actions of the Officer were for no legitimate purpose, and based on racial harassment.

Plaintiff must use the forms supplied by the Court and state each allegation in a direct and concise manner that makes it possible for the Court to review the complaint, and for a properly named defendant to answer it.

8

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is granted.  For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **April 26, 2006** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); *see also* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## <u>ORDER</u>

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **April 26, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **April 26, 2006**, the complaint shall be dismissed with prejudice without further order of the Court.

**SO ORDERED.**

S/ Michael A. Telesca

_____
          MICHAEL A. TELESCA
     United States District Judge

Dated:     March 23, 2006
           Rochester, New York