-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JIMMY LEE GIBSON,

                    Plaintiff,

              -v-                                          06-CV-6042CJS(Fe)

                                                           MEMORANDUM and ORDER
THE GENESEO POLICE DEPARTMENT
Re: Officer Chris Haley,

                    Defendant.

_____

## INTRODUCTION

Plaintiff *pro se* Jimmy Lee Gibson was granted an opportunity to amend his complaint to address specific issues for events that occurred after January of 2003. Plaintiff was directed to explain what had happened to the charges filed against him, and to add any facts that would tend to make clear that the actions of Officer Haley were done for no legitimate purpose and were based on racial harassment.  Plaintiff has filed an amended complaint (Docket #4) which has now been reviewed pursuant to the requirements of 28 U.S.C. § 1915.   For the reasons discussed below, the amended complaint is dismissed with prejudice for failure to state a claim.   28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Plaintiff was allowed to amend his complaint to clarify what occurred in 2003 because the previous events he had alleged, dating from 1999, were beyond the statute

of limitations.[1]  Plaintiff essentially realleged all of the event<sup>s</sup> from 1999 until July of 2003,

with the exception that he has omitted any reference to the May 23, 2003 event.  Thus, the

only events that come within the statute of limitations are those leading to the arrest of

plaintiff on July 18, 2003, and subsequent events.

Plaintiff was order to amend his complaint using the forms provided by the Court,

which he has failed to do.  He again sues only the Geneseo Police Department.  He again

makes broad allegations that do not include specific facts as to specific individuals.  He has

cited various statutes related to stalking, menacing, harassment, etc., without alleging any

specific facts against any individual which relate to these statutes.  However, plaintiff does

make a specific claim of wrongful arrest and wrongful incarceration.

With regard to the wrongful arrest claim, plaintiff has attached a supporting

deposition and the criminal complaint for the July 18, 2003 incident.  These documents

make clear that specific individuals, other than the arresting officer, alleged that plaintiff

had engaged in a physical confrontation with the man who filed the charge of assault.  The

purported victim signed a complaint which claimed that plaintiff punched the complainant

in the face, causing bleeding and bruising.  As discussed in the previous Order, such a

complaint would have provided probable cause for the arrest, which would preclude a claim

for false arrest.  *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118-119 (2d Cir. 1995), *cert.*

*denied*, 517 U.S. 1189 (1996); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  Plaintiff

attached the supporting deposition of another witness, Sonja VanSon, who plaintiff alleges

---

[1]Additionally, as mentioned in the March 23, 2006 Order, plaintiff has previously sued the Geneseo Police Department and its employees in this Court alleging discriminatory practices.  00-CV-6391 was filed in 2000 and judgment was entered for defendants in 2000.

could provide information that would show that the purported victim came after him with a chain and a crowbar and that he was rubbing his neck to make a mark on it before plaintiff approached him.  However, the statement attached does not support that version, and does not call the veracity of complainant into question.  *See*, Id.  Ultimately, plaintiff states that he pleaded to a lesser charge because he couldn't get fair treatment in Geneseo.  He, therefore, cannot plead that he obtained a favorable disposition, which would be required to adequately plead a claim for malicious prosecution.  *See*, Id.  Plaintiff has failed to state a claim with regard to the 2003 events that can be considered in this Court.

Plaintiff thereafter realleges claims of discriminatory treatment by the Geneseo Police Department dating from 1999, when he was charged with harassment.  He asserts that his complaint against the employee for making racial slurs was treated differently from that of white tenants.  The criminal complaint which plaintiff attached to the amended complaint shows that plaintiff was charged with threatening to rape the girlfriend of a Geneseo Police Department employee.  The fact that plaintiff was found guilty of this charge undermines the argument that the purportedly discriminatory treatment was based on racial animus.  *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999) (citing *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997).

In any event, as was addressed in the previous order, any events before January of 2003 are outside of the statute of limitations and cannot be considered by this Court.  For this reason, the Court does not address the 1999 allegations; plaintiff's concerns in 2000, when he was charged with harassment against the same employee and pled guilty to lesser charge; or the 2001 and 2002 allegations of harassing behavior by Officer Haley.

3

Plaintiff filed a complaint with the Geneseo Police Department in 2003 against Officer Haley, the arresting officer in the July, 2003 charge. Plaintiff alleges that because of the prior complaints, nothing was done. As was discussed above, because plaintiff again plead guilty to a lesser charge after the 2003 arrest, and did not obtain a favorable outcome, he is precluded from challenging the arrest and prosecution as having been motivated by an illegal intent.

Because plaintiff was given an opportunity to amend his complaint to allege specific cognizable claims, his litany of broad allegations against Haley on the last pages of complaint are disregarded, because they include no specific events, dates, or other details that would allow the Court to review them to determine if they state a claim.[2] Clearly plaintiff was capable of alleging specifics, because in other circumstances he did so, and in detail.

Plaintiff's complaint is dismissed with prejudice for failure to state a claim.

## CONCLUSION

Plaintiff's amended complaint has been reviewed pursuant the requirements of 28 U.S.C. § 1915(a). For the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438(1962). Further

---

[2] Plaintiff alleged, among other things, that Haley didn't like him and told this to others in the police department; that Haley "made threats to other tenants in regards to [plaintiff]; stating that he was out to get [plaintiff], that he "made and permitted and encouraged others [sic] Officers to Profile, Stalked, Menace, and Harassed my family and I."

requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

DATED:     Buffalo, New York
           _____June 16_____, 2006

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE

5